IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHN ARGUELLO, §
TDCJ #1313223, §
§
Petitioner, §
§
v. § CIVIL ACTION NO. H-07-3647
§
NATHANIEL QUARTERMAN, Director, §
Texas Department of Criminal Justice - §
Correctional Institutions Division, §
§
Respondent. §

**MEMORANDUM AND ORDER**

The petitioner, John Arguello (TDCJ #1313223), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Arguello has filed a petition for a federal writ of habeas corpus to challenge a state court criminal conviction. Arguello has also filed a memorandum in support of his petition. The respondent has answered with a motion, arguing that the petition must be dismissed as barred by the governing statute of limitations. (Doc. # 6). Arguello has filed a response. (Doc. # 7). After considering all of the pleadings, the records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

## I. BACKGROUND

A state grand jury returned three separate felony indictments against Arguello, charging him with credit card abuse (cause number 1021154), making a false statement to obtain credit (cause number 1024819), and forgery of a government instrument (cause

number 999657). The State enhanced each of those indictments with allegations that Arguello had at least one prior felony conviction for aggravated robbery. At the time, Arguello also apparently had a number of other cases pending against him, with the possibility of five additional charges that were going to be filed. On June 30, 2005, Arguello entered a guilty plea to all three indictments in cause numbers 1024819, 1021154, and 999657. The 208th Judicial District of Harris County, Texas, found Arguello guilty as charged and sentenced him to serve a total of seven years in prison. Arguello did not appeal.

More than a year later, on July 28, 2006, Arguello filed three separate state habeas corpus applications under Article 11.07 of the Texas Code of Criminal Procedure to challenge his convictions in cause numbers 1024819, 1021154, and 999657. Arguello complained that the police searched his residence unlawfully and that his counsel was ineffective for failing to file a motion to suppress. Arguello argued, therefore, that his guilty plea was involuntarily made. He also challenged the legality of his sentence with respect to one of his convictions. The state habeas corpus court, which also presided over the guilty plea and sentencing proceeding, entered findings of fact and concluded that Arguello was not entitled to relief. The Texas Court of Criminal Appeals agreed and denied relief, based on the trial court's findings, without a written order on July 11, 2007. *See Ex parte Arguello*, Nos. 42,269-02, 42,269-03, 42,269-04 (Tex. Crim. App.).

On October 1, 2007, Arguello filed the pending petition for a federal writ of habeas corpus under 28 U.S.C. § 2254.[1] Similar to the claims that he raised in state court, Arguello contends that the police searched his home unlawfully and that his guilty plea was invalid because his defense attorney failed to file a motion to suppress. The respondent argues that Arguello's petition must be dismissed because it is untimely. Arguello has filed a response. The parties' contentions are discussed below under the applicable legal standard.

## II. THE ONE-YEAR STATUTE OF LIMITATIONS

The respondent maintains that the pending federal habeas corpus petition is barred by the governing one-year statute of limitations. According to the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

Because Arguello challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration

---

[1] The Clerk's Office received Arguello's pleadings on October 30, 2007, and filed them that same day. For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001). Arguello alleges that he placed his pleadings in the prison mail system on October 1, 2007. Accordingly, the Court considers that the petition was filed on that date.

of the time for seeking such review." As noted above, Arguello pleaded guilty on June 30, 2005. Although Arguello did not appeal from his guilty plea, his time to do so arguably expired thirty days later, on or about July 30, 2005. That date triggered the statute of limitations for federal habeas corpus review, which expired one year later on July 30, 2006. The pending federal habeas corpus petition, which was filed on October 1, 2007, is late by well over one year (428 days) and is therefore time-barred.

Arguello, who has filed a reply to the respondent's motion to dismiss, concedes that his petition is untimely and he makes no effort to show that a statutory or equitable exception applies. (Doc. # 7). Instead, he argues that the statute of limitations on federal habeas corpus review violates the Suspension Clause found in Article 1, § 9 of the United States Constitution.[2] These arguments are foreclosed by Supreme Court and Fifth Circuit precedent holding that the AEDPA, including its limitations period, is constitutional. *See, e.g., Felker v. Turpin*, 518 U.S. 651, 664 (1996); *see also Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (per curiam) ("The 1-year limitations period of the AEDPA does not violate the Suspension Clause unless it renders the habeas remedy inadequate or ineffective to test the legality of detention. [The petitioner] has not shown how the limitations period made the habeas remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period expired.") (internal quotation marks and footnote

---

[2] The Suspension Clause provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. Despite this restriction, the Supreme Court has held that "judgments about the proper scope of the writ are 'normally for Congress to make.'" *Felker v. Turpin*, 518 U.S. 651, 664 (1996) (quoting *Lonchar v. Thomas*, 517 U.S. 314, 323 (1996)).

omitted); *Turner v. Johnson*, 177 F.3d 390, 392-393 (5th Cir.) (per curiam) ("[The petitioner] cannot show that the limitations period has rendered his habeas remedy inadequate or ineffective. We therefore reject [his] claim that § 2244 is unconstitutional."), *cert. denied*, 528 U.S. 1007 (1999); *see also Graham v. Johnson*, 168 F.3d 762, 787-88 (5th Cir. 1999) (rejecting arguments that the AEDPA's restrictions on successive petitions violate the constitution).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[3] *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000). However, the Fifth Circuit has emphasized that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions." *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003). Arguello, who concedes that his petition is late, fails to show that he fits within a recognized exception to the statute of limitations. Accordingly, given the petitioner's clear lack of diligence in this case, the

---

[3] The Court observes, however, that Arguello's claims were raised and rejected by the state habeas corpus court, which also presided over his guilty plea and sentencing proceeding. Neither the petition nor the memorandum filed by Arguello show that the state court's decision to deny relief was contrary to, or resulted in an unreasonable application of, clearly established Supreme Court precedent. Notably, Arguello's challenge to the search of his residence is not cognizable on federal habeas corpus review. *See Janecka v. Cockrell*, 301 F.3d 316, 320-21 (5th Cir. 2002) (citing *Stone v. Powell*, 428 U.S. 465 (1976)), *cert. denied*, 537 U.S. 1196 (2003). Arguello fails to otherwise demonstrate that he is entitled to relief under the governing federal habeas corpus standard of review. 28 U.S.C. § 2254(d). Because the petition is clearly time-barred, the Court declines to address the merits further.

Court concludes that the pending federal habeas corpus petition is barred by the governing one-year limitations period. The respondent's motion to dismiss is granted.

## III. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed above, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner stated a valid claim. Accordingly, he is not entitled to a certificate of appealability under the governing standard found in § 2253.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss (Doc. # 6) is **GRANTED**.

2. The petitioner's application for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on March 12th, 2008.

Nancy F. Atlas
United States District Judge